UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Trude Johnson,<br><br>           Plaintiff<br><br>    v.<br><br>PAM Specialty Hospital of Las Vegas, LLC,<br><br>           Defendant | Case No. 2:24-cv-00086-CDS-EJY<br><br>**Order Denying Defendant's Request for Leave to File, Granting Plaintiff's Motion to Remand, and Denying Defendant's Motion to Dismiss as Moot**<br><br>[ECF Nos. 7, 9, 22] |

This is an employment discrimination dispute. On October 1, 2023, plaintiff Trude Johnson filed a complaint against defendant PAM Specialty Hospital of Las Vegas, LLC in the Eighth Judicial District Court in Clark County, Nevada. Compl., ECF No. 1-3. On January 10, 2024, PAM filed a petition for removal under 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446. ECF No. 1. Shortly thereafter, PAM filed a motion to dismiss. ECF No. 7. Subsequently, Johnson filed a motion to remand this action, arguing that PAM failed to establish complete diversity or that the amount in controversy exceeds $75,000. ECF No. 9. The motion is fully briefed. ECF Nos. 14; 16. In May 2024, PAM moved for leave to file supplemental exhibits in support of its remand response, submitting for the court's consideration Johnson's initial disclosures. ECF No. 22 (citing Pl.'s Initial Disclosures, Def.'s Ex. A, ECF No. 22-2; Pl.'s First Supp. Initial Disclosures, Def.'s Ex. B, ECF No. 22-3). Johnson did not file an opposition. For the following reasons, I deny PAM's motion for leave to file, grant Johnson's motion to remand, and deny PAM's motion to dismiss as moot.

I.     Legal standard

    A.  Leave to file

A party seeking to supplement an earlier filing must obtain leave of court before submitting any supplemental pleading, brief, authority, or evidence. Local Rule (LR) 7-2(g).

Good cause must support any supplemental filing, and the court may strike a filing that violates LR 7-2(g). Good cause exists if: (1) the proposed supplement will assist the determination of the relevant issues and (2) the supplementing party was reasonably diligent in providing the supplemental information. *See Leftenant v. Blackmon*, 2022 WL 348453, at *1 (D. Nev. Feb. 4, 2022) (good cause may exist where supplement will make a substantive difference); *De Luna v. Sunrise Hosp. & Med. Ctr., LLC*, 2018 WL 4053323, at *4 (D. Nev. Aug. 24, 2018) (good cause requires reasonable diligence in presenting the supplemental documentation).

### B. Motion to remand

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When initiating a case, "[a] plaintiff is the master of [their] complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389–99 (1987)). Generally, plaintiffs are entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017). However, Congress has enacted statutes that permit parties to remove cases originally filed in state court to federal court. *See* 28 U.S.C. § 1441. Subject to certain requirements and limitations, a defendant generally may remove a case from state court to federal court where the case presents either diversity or federal question jurisdiction. 28 U.S.C. § 1441(a)–(c). Relevant to this motion, diversity jurisdiction requires: (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332(a).

Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). In order to protect the jurisdiction of state courts, the removal statute should be construed narrowly, against removal jurisdiction and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

III.     Discussion

     A.  Leave to file (ECF No. 22)

I deny PAM's request for leave to file Johnson's initial disclosures because I do not find good cause to allow it. Indeed, Johnson served her initial disclosures on PAM on March 26, 2024, more than *seven weeks* before PAM brought the disclosures to the court's attention on May 13, 2024. ECF No. 22 at 4. Johnson supplemented her disclosures on April 18, 2024, after which PAM argues that it was reasonably diligent because it filed the instant motion less than a month after receiving the supplemental disclosures. *Id.* But PAM provides no explanation why it did not or could not timely raise Johnson's initial damages computation when it received the disclosures in March, which facially showed over $78,000 in compensatory damages.[1] Indeed, PAM just states that it could not have included Johnson's damages calculation in its original opposition, and that it "quickly moved to supplement that pleading upon receipt of her disclosures." *Id.* Absent an explanation for the delay, however, I do not consider seven weeks to be quick. *See York v. Bank of Am.*, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016) (finding that a defendant failed to show good cause to grant it leave to file a motion for reconsideration because it gave no reason for a "lengthy" thirty-five-day delay); *cf. T1 Payments LLC v. New U Life Corp.*, 2022 WL 195111, at *2 (D. Nev. Jan. 21, 2022) (finding good cause existed to allow a defendant to file supplemental briefing regarding personal jurisdiction because the defendant filed its motion for leave to file within two weeks of discovering new evidence). Thus, I deny the request for leave to file in part because PAM was not reasonably diligent in raising this new evidence with the court.

I deny the request for leave additionally on the ground that it is not clear it will make a substantive difference in the court's assessment of its own jurisdiction over this case, despite PAM's incorrect representation of the evidence. PAM states: "Ms. Johnson's $78,661.63 calculation of damages satisfies the amount-in-controversy portion of the Court's jurisdictional analysis." ECF No. 22 at 3. This amount, however, represents Johnson's damages through April

---

[1] As explained *infra*, while this is the number PAM presented to the court, it is the incorrect calculation.

18, 2024; in removal cases, subject matter jurisdiction must be satisfied *at the time of removal. See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). This means that the amount in controversy at the time of removal—here, January 10, 2024—must have been over $75,000. *See Hayes v. Johnson*, 2024 U.S. Dist. LEXIS 121431, at *2–3 (D. Or. July 5, 2024) ("If the case was not originally filed in federal court, the requirements of complete diversity of citizenship and an amount in controversy exceeding $75,000 must be met at the time of removal.") (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415–17 (9th Cir. 2018)). Properly calculated, Johnson's supplemental disclosures establish that at the time of removal, Johnson is allegedly owed $57,414.53[2] in compensatory damages, which, when combined with the complaint's request for $15,000 in general damages only gets the total to $72,414.53. While Johnson additionally requests $15,000 in punitive damages, it is not clear from the face of the complaint that punitive damages are possible on the alleged facts, thus I do not count them. *See Ketchup v. Gruma Corp.*, 2023 U.S. Dist. LEXIS 29860, at *13 (C.D. Cal. Feb. 16, 2023). As such, even if I were to grant PAM's request for leave to file the supplemental disclosures, it is not clear it would change the court's analysis. For those reasons, I deny the request for leave.

### B. Motion to remand (ECF No. 9)

Johnson argues that remand is appropriate because PAM's notice of removal fails to meet the requisite burden of proof to establish diversity jurisdiction. ECF No. 9. First, Johnson contends that PAM failed to provide evidence to establish complete diversity of citizenship in its notice of removal. *Id* at 3–4. Moreover, Johnson argues that the notice for removal failed to demonstrate that the amount in controversy in this case exceeds $75,000. *Id*. at 4–7. PAM

---

[2] The court arrived at this figure by multiplying the number of days between May 20, 2022 (the day after Johnson's termination) and January 10, 2024 (the date of removal), which is 601 days, times $287.82 (Johnson's daily wage), which results in $172,979.82 less $115,565.29 (Johnson's mitigation earnings from May 20, 2022 to March 25, 2024). ECF No. 22-3. The court notes that the mitigation damages would be less given the proper mitigation calculation point is January 10, 2024, not March 25, but absent particularized information on that salary, the court took the number closest to January 10, rather than speculate on information it does not have. *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (The removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand).

4

responds that Johnson "misinterpreted the applicable standard to demonstrate diversity jurisdiction at the removal stage" but nonetheless offers further evidence to establish diversity jurisdiction. ECF No. 14 at 1. I find that the parties are diverse, but that PAM failed to establish to a ponderance of the evidence that the amount in controversy exceeds $75,000.

### 1. *Diversity of citizenship*

A district court has subject matter jurisdiction only where the amount in controversy exceeds $75,000 and there is complete diversity among the parties. 28 U.S.C. § 1332(a). When a party is a limited liability company ("LLC"), citizenship is determined by the state in which any of its members is also a citizen. *Johnson v. Columbia Props. Anchorage, LP*, F.3d 894, 899 (9th Cir. 2006). "[W]ith respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) (citing *Johnson*, F.3d at 899).

In its removal statement, PAM asserts that its owner is PAM Cubed Specialty Hospitals, LLC, which in turn, is owned by PAM Cubed, LLC, a Pennsylvania LLC. ECF No. 8 at 2. PAM also represented that "[n]o member of PAM Cubed LLC is, or ever has been, a citizen or resident of Nevada." *Id.* Johnson argues that PAM failed in its removal statement to establish the citizenship of all owners and members of the relevant LLCs. ECF No. 9. In response, PAM provides additional information by way of declaration from its Chief Legal Officer, Robert Tribeck, who states that all ten members of PAM Cubed are citizens of other states and provides their individual states of citizenship.[3] Tribeck Decl., Def.'s Ex. A, ECF No. 14-2. Johnson appears to ignore this declaration in her reply, and instead simply restates that PAM failed to establish the citizenship of its owners or members. *See generally* ECF No. 16.

---

[3] As noted in the declaration, PAM Cubed members Athony F. Misitano, Brittnay A. Misitano, Karick Stober, Lisa MacLean, and Robert Tribeck are all citizens of the Commonwealth of Pennsylvania. *Id.* at 4. Members Jason Carter, Portlyn Brogger, and Mark Senko are citizens of Texas. *Id.* Member Kristen Smith is a citizen of Ohio. *Id.* Lastly, Member Jerry Elenbaas is a citizen of Louisiana. *Id.*

Upon review, I find that PAM has demonstrated in its response that the parties are diverse because neither the LLC, nor any of its individual members, appear to be citizens of Nevada. Thus, there is complete diversity of the parties.

### 2. *Amount in controversy*

In determining the amount in controversy, courts first look to the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). The $75,000 threshold is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *See id.* at 288–89; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). However, like in this case, when removal jurisdiction is challenged by a plaintiff, evidence establishing the amount in controversy is required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *Id.* (citation omitted). Removal is proper "'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 88.

This case presents the sort of "close call" that ultimately requires that I grant Johnson's motion for remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) (holding that "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Here, in the

conclusion of the complaint, Johnson broadly prays[4] for: (1) remedies available under NRS 613.432, NRS 613.010, and Nevada common law; (2) actual and compensatory damages in excess of $15,000.00; (2) general damages in excess of $15,000.00; (3) punitive damages in excess of excess of $15,000.00; (4) nominal damages; (5) costs and attorney's fees; and (6) injunctive relief. ECF No. 1-3 at 11. Aggregating each of Johnson's $15,000 prayers for relief totals $45,000. While this number could potentially surpass $75,000 when combined with other damages, depending on the outcome of the trial, it is not clear from the face of the complaint that it will.

Attached to PAM's response in opposition to removal is a demand letter from Johnson, which shows that Johnson sought $113,000 to settle the dispute on June 2, 2022. Demand Letter, Def.'s Ex. B, ECF No. 14-3. Contrary to Johnson's assertion that PAM's use of the demand letter is improper, "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citations omitted). Johnson's letter specifies that the $113,000 figure represents one year of her base salary, $105,000, plus $7,805.10 in health insurance payments. Demand Letter, Def.'s Ex. B, ECF No. 14-3 at 3. Johnson counters that this figure only represented a "settlement offer that was expected to be the subject of negotiation" and is not indicative of the actual amount in controversy. ECF No. 16 at 3. Given the particular facts and procedural history of this case, I agree with Johnson. Johnson's actual damages are determined by "measuring the difference between actual earnings for the period and those which she would have earned absent the discrimination by defendant." *Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148, 1158 (9th Cir. 1999). Thus, the amount in controversy must account for mitigation damages, if any, which the record indicates were, in fact, present in this case; PAM's opposition fails to address mitigation.[5]

---

[4] Johnson's pleading is wholly sufficient to meet Nevada's notice-pleading requirements. Under that standard, courts "liberally construe the pleadings for sufficient facts that put the defending party on adequate notice of the nature of the claim and relief sought." *Harris v. State*, 510 P.3d 802, 807 (Nev. 2022) (quoting *W. States Const., Inc. v. Michoff*, 840 P.2d 1220, 1223 (Nev. 1992)) (internal quotation marks omitted)).

[5] Even though PAM did not have access to the initial disclosures at the time of its remand response, it should have accounted for mitigation as federal law requires a wrongfully discharged plaintiff to make reasonable efforts to mitigate an employer's damages by seeking suitable alternative employment. *Teuscher*

ECF No. 22-3 (indicating Johnson earned $122,803.44 in mitigation damages from May 22, 2022 to April 18, 2024). The $113,000 figure does not account for the salary Johnson received in the interim when projecting her damages out a year and thus, is not a reasonable estimate of Johnson's actual damages and cannot support the basis for jurisdiction. Nor do PAM's speculative assertions of what Johnson's attorneys' fees or emotional damages may amount to satisfy the burden. ECF No. 14 at 10–12; *see, e.g., Frankovich v. Home Depot United States, Inc.*, 2023 U.S. Dist. LEXIS 183182, *5 (C.D. Cal. Oct. 11, 2023 ("To reach the jurisdictional threshold, Defendant includes attorneys' fees, emotional distress damages, and punitive damages. This Court, however, does not include these sorts of speculative damages in the amount-in-controversy."). For those reasons, I find that PAM has failed to support by a preponderance of the evidence that this court has jurisdiction over the action, so I must remand.

## IV. Conclusion

IT IS THEREFORE ORDERED that PAM's motion for leave to file **[ECF No. 22] is DENIED.**

IT IS FURTHER ORDERED that Johnson's motion for remand **[ECF No. 9] is GRANTED.** The Clerk of Court is kindly directly to remand Case No. A-23-878726-C to the Eighth Judicial District Court, Department 21; and to close this case.

IT IS FURTHER ORDERED that because this action is remanded, PAM's motion to dismiss the complaint **[ECF No. 7] is DENIED as moot.**

Dated: August 6, 2024

_____
Cristina D. Silva
United States District Judge

---

*v. Woodson*, 835 F.3d 936, 947–48 (9th Cir. 2016). In other words, front pay awards must be reduced by the amount that the defendant shows the wrongfully discharged employee "could earn using reasonable mitigation efforts." *Id.* (quoting *Cassino v. Reichhold Chemicals., Inc.*, 817 F.2d 1338, 1347 (9th Cir. 1987)). Thus, in this sort of action, a projected front pay award with no accounting for mitigation, especially for this length of time, is not a "reasonable estimate" of actual damages.